IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FREDERICK B. DONOHUE, | : |
| Petitioner, | : |
| v. | : Civ. No. 09-355-LPS |
| PERRY PHELPS, Warden, and ATTORNEY GENERAL OF THE STATE OF DELAWARE, | : |
| Respondents. | : |

Frederick B. Donohue. *Pro se* Petitioner.

Paul R. Wallace, Chief of Appeals, Deputy Attorney General of the Delaware Department of Justice, Wilmington, Delaware. Attorney for Respondents.

**MEMORANDUM OPINION**

September 13, 2012
Wilmington, Delaware

*[signature]*

STARK, U.S. District Judge:

## I. INTRODUCTION

Pending before the Court is an Application For A Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254 ("Petition") filed by Petitioner Frederick B. Donohue ("Petitioner"). (D.I. 2) For the reasons discussed, the Court will dismiss the Petition and deny the relief requested.

## II. BACKGROUND

In March 2007, Petitioner was arrested for an incident of domestic violence involving his wife and two daughters. *See Donohue v. State*, 972 A.2d 311 (Table), 2009 WL 1204623, at *1 (Del. May 5, 2009). After his arrest, his daughters reported to the authorities that Petitioner had abused them sexually over the course of many years. *Id.* In May 2007, Petitioner was indicted on 153 charges, including multiple counts of first degree rape, continuous sexual abuse of a child, possession of a firearm during the commission of a felony, aggravated menacing, second degree assault, first degree reckless endangering, third degree assault, and terroristic threatening. On October 2, 2007, Petitioner pled guilty to one count each of aggravated menacing and first degree reckless endangering, and pled no contest to one count of second degree rape and two counts of continuous sexual abuse of a child. Petitioner was immediately sentenced to a total of seventy-two years at Level V incarceration, suspended after serving twenty-three years for one year at Level IV home confinement probation, followed by ten years at decreasing levels of probation. Petitioner did not appeal his convictions and sentences to the Delaware Supreme Court. *Id.*

Petitioner filed a motion for sentence modification on November 15, 2007, which the Superior Court denied on November 20, 2007. Petitioner did not appeal this decision to the

1

Delaware Supreme Court. (D.I. 12 at 2)

On October 1, 2008, Petitioner filed in the Delaware Superior Court a motion for post-conviction relief pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motion"), asserting ineffective assistance of counsel, prosecutorial misconduct, and excessive sentencing. *See State v. Donohue*, 2008 WL 5206779 (Del. Super. Ct. Dec. 4, 2008). The Superior Court denied the Rule 61 motion, and Petitioner appealed. The Delaware Supreme Court affirmed the Superior Court's judgment. *See Donohue*, 2009 WL 1204623, at *1.

Petitioner timely filed the instant Petition. (D.I. 2) The State filed an Answer, asserting that the Petition should be denied. (D.I. 12)

## III. GOVERNING LEGAL PRINCIPLES

### A. The Antiterrorism and Effective Death Penalty Act of 1996

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "to reduce delays in the execution of state and federal criminal sentences . . . and to further the principles of comity, finality, and federalism." *Woodford v. Garceau*, 538 U.S. 202, 206 (2003) (internal citations and quotation marks omitted). Pursuant to AEDPA, a federal court may consider a habeas petition filed by a state prisoner only "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). AEDPA imposes procedural requirements and standards for analyzing the merits of a habeas petition in order to "prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693 (2002); *see also Woodford*, 538 U.S. at 206.

## B. Exhaustion and Procedural Default

Absent exceptional circumstances, a federal court cannot grant habeas relief unless the petitioner has exhausted all means of available relief under state law. *See* 28 U.S.C. § 2254(b); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842-44 (1999). AEDPA states, in pertinent part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that –
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)(i) there is an absence of available State corrective process; or
>
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1).

The exhaustion requirement is based on principles of comity, requiring a petitioner to give "state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 844-45; *see also Werts v. Vaughn*, 228 F.3d 178, 192 (3d Cir. 2000). A petitioner satisfies the exhaustion requirement by demonstrating that the habeas claims were "fairly presented" to the state's highest court, either on direct appeal or in a post-conviction proceeding. *See Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997); *Coverdale v. Snyder*, 2000 WL 1897290, at *2 (D. Del. Dec. 22, 2000). "Fair presentation of a claim means that the petitioner must present a federal claim's factual and legal substance to the state courts in a manner that puts them on notice that a federal claim is being asserted." *Holloway v. Horn*, 355 F.3d 707, 714 (3d Cir. 2004) (internal citations omitted).

3

A petitioner's failure to exhaust state remedies will be excused if state procedural rules preclude him from seeking further relief in state courts. *See Lines v. Larkins,* 208 F.3d 153, 160 (3d Cir. 2000); *see Teague v. Lane,* 489 U.S. 288, 297-98 (1989). Although technically exhausted, such claims are nonetheless procedurally defaulted. *See Lines,* 208 F.3d at 160; *Coleman v. Thompson,* 501 U.S. 722, 750-51 (1991). Similarly, if a petitioner presents a habeas claim to the state's highest court, but that court "clearly and expressly" refuses to review the merits of the claim due to an independent and adequate state procedural rule, the claim is exhausted but procedurally defaulted. *See Coleman v. Thompson,* 501 U.S. 722, 750 (1991); *Harris v. Reed,* 489 U.S. 255, 260-64 (1989); *Werts,* 228 F.3d at 192.

Federal courts may not consider the merits of procedurally defaulted claims unless the petitioner demonstrates either cause for the procedural default and actual prejudice resulting therefrom, or that a fundamental miscarriage of justice will result if the court does not review the claims. *See McCandless v. Vaughn,* 172 F.3d 255, 260 (3d Cir. 1999); *Coleman,* 501 U.S. at 750-51. To demonstrate cause for a procedural default, a petitioner must show that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier,* 477 U.S. 478, 488 (1986). To demonstrate actual prejudice, a petitioner must show that the errors at trial "worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Id.* at 494. Alternatively, a federal court may excuse a procedural default if the petitioner demonstrates that failure to review the claim will result in a fundamental miscarriage of justice. *See Edwards v. Carpenter,* 529 U.S. 446, 451 (2000); *Wenger v. Frank,* 266 F.3d 218, 224 (3d Cir. 2001). A petitioner demonstrates a miscarriage of justice by showing a "constitutional violation has probably resulted in the

4

conviction of one who is actually innocent." *Murray*, 477 U.S. at 496. Actual innocence means factual innocence, not legal insufficiency, *see Bousley v. United States*, 523 U.S. 614, 623 (1998), and is established if no reasonable juror would have found the petitioner guilty beyond a reasonable doubt, *see Sweger v. Chesney*, 294 F.3d 506, 522-24 (3d Cir. 2002). A petitioner establishes actual innocence by asserting "new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial," showing that no reasonable juror would have found the petitioner guilty beyond a reasonable doubt. *Hubbard v. Pinchak*, 378 F.3d 333, 339-40 (3d Cir. 2004).

## C. Legal Standards

If a state's highest court adjudicated a federal habeas claim on the merits, the federal court must review the claim under the deferential standard contained in 28 U.S.C. § 2254(d). Pursuant to 28 U.S.C. § 2254(d), federal habeas relief may only be granted if the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or the state court's decision was an unreasonable determination of the facts based on the evidence adduced in the trial. 28 U.S.C. § 2254(d)(1) & (2); *see also Williams v. Taylor*, 529 U.S. 362, 412 (2000); *Appel v. Horn*, 250 F.3d 203, 210 (3d Cir. 2001). A claim has been "adjudicated on the merits" for the purposes of 28 U.S.C. § 2254(d) if the state court decision finally resolves the claim on the basis of its substance, rather than on a procedural or some other ground. *See Thomas v. Horn*, 570 F.3d 105, 115 (3d Cir. 2009). The deferential standard of § 2254(d) applies even "when a state court's order is unaccompanied by an opinion explaining the reasons relief has been denied;" as recently explained by the Supreme Court, "it may be presumed that the state court adjudicated the claim on

5

the merits in the absence of any indication or state-law procedural principles to the contrary." *Harrington v. Richter*, __ U.S. __, 131 S.Ct. 770, 784-85 (2011).

When reviewing a habeas claim, a federal court must presume that the state court's determinations of factual issues are correct. *See* 28 U.S.C. § 2254(e)(1). This presumption of correctness applies both to explicit and implicit findings of fact and is only rebutted by clear and convincing evidence to the contrary. *See* 28 U.S.C. § 2254(e)(1); *Campbell v. Vaughn*, 209 F.3d 280, 286 (3d Cir. 2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 341 (2003) (delineating between clear and convincing standard of § 2254(e)(1) and unreasonable determination standard of § 2254(d)(2)).

## IV. DISCUSSION

The Petition asserts three grounds for relief: (1) defense counsel provided constitutionally ineffective assistance; (2) the prosecutor engaged in misconduct by coercing Petitioner to plead guilty; and (3) the Superior Court imposed an excessive sentence in contravention of the plea agreement. The Court addresses each ground below.

### A. Claim One: Ineffective Assistance of Counsel

In claim one, Petitioner contends that counsel provided ineffective assistance by failing to obtain an expert witness to review the victims' medical records; by failing to have Petitioner undergo a mental health evaluation; and by failing to prepare for and proceed to trial. The Superior Court adjudicated these claims on the merits, and the Delaware Supreme Court affirmed that decision. Therefore, Petitioner is only entitled to relief if the Delaware Supreme Court's decision was either contrary to, or an unreasonable application of, clearly established Federal law.

The clearly established federal law for ineffective assistance of counsel claims is the two-

prong standard articulated by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984) and its progeny. *See Wiggins v. Smith*, 539 U.S. 510 (2003). Under the first *Strickland* prong, a petitioner must demonstrate that "counsel's representation fell below an objective standard of reasonableness," with reasonableness being judged under professional norms prevailing at the time counsel rendered assistance. *Strickland*, 466 U.S. at 688. Under the second *Strickland* prong, a petitioner must demonstrate "there is a reasonable probability that, but for counsel's error the result would have been different." *Id.* at 687-96. A reasonable probability is a "probability sufficient to undermine confidence in the outcome." *Id.* at 688. In the context of a guilty plea, a petitioner satisfies *Strickland*'s prejudice prong by demonstrating that, but for counsel's error, there is a reasonable probability that he would have insisted on proceeding to trial instead of pleading guilty. *See Hill v. Lockhart*, 474 U.S. 52, 58 (1985).

In order to sustain an ineffective assistance of counsel claim, a petitioner must make concrete allegations of actual prejudice and substantiate them or risk summary dismissal. *See Wells v. Petsock*, 941 F.2d 253, 259-260 (3d Cir. 1991); *Dooley v. Petsock*, 816 F.2d 885, 891-92 (3d Cir. 1987). Although not insurmountable, the *Strickland* standard is highly demanding and leads to a "strong presumption that the representation was professionally reasonable." *Strickland*, 466 U.S. at 689. Notably, a court must apply a doubly deferential standard of review when analyzing an ineffective assistance of counsel claim under § 2254(d)(1). "The pivotal question is whether the state court's application of the *Strickland* was unreasonable. This is different from asking whether defense counsel's performance fell below *Strickland*'s standard." *Harrington v. Richter*, _ U.S. _, 131 S.Ct. 770, 785 (2011). When assessing prejudice under *Strickland*, a court must determine if petitioner has shown "a substantial, not just conceivable" likelihood that the

7

outcome of the case would have been different if counsel had performed otherwise. *Id.* at 792. In other words, when viewing – through the lens of § 2254(d) – a state court's determination that a *Strickland* claim lacks merit, federal habeas relief is precluded "so long as fairminded jurists could disagree on the correctness of the state court's decision." *Id.* at 786.

As an initial matter, the Delaware Supreme Court properly identified the *Strickland/Hill* precedent in affirming the Superior Court's denial of claim one. Therefore, the Delaware Supreme Court's decision was not contrary to clearly established Federal law. *See Williams*, 529 U.S. at 406 ("[A] run-of-the-mill state-court decision applying the correct legal rule from [Supreme Court] cases to the facts of a prisoner's case [does] not fit comfortably within § 2254(d)(1)'s 'contrary to' clause.").

Moreover, in affirming the decision of the Delaware Superior Court, the Delaware Supreme Court reasonably applied the *Strickland/Hill* rule to the facts of Petitioner's case. With respect to Petitioner's Rule 61 motion, the Superior Court held that Petitioner was bound by the assertions he made regarding the voluntary and knowing nature of his guilty plea during the plea colloquy, because Petitioner's conclusory allegations failed to provide clear and convincing evidence to the contrary. *See Donohue*, 2008 WL 5206779, at *2. Given this determination, the Superior Court concluded that Petitioner's guilty plea was voluntary and knowing. The Superior Court then explained that the guilty plea provided Petitioner with a clear benefit, and that it was reasonable for Petitioner to plead guilty to five charges rather than risk being tried and convicted on 153 charges. Based on the foregoing, the Superior Court held that Petitioner failed to satisfy the prejudice prong of *Strickland* and denied Petitioner's ineffective assistance of counsel claim. *Id.*

The Delaware Supreme Court affirmed the Superior Court's decision. *See Donohue*, 2009 WL 1204623, at *2. Although this affirmance was primarily for the same reasons articulated by the Superior Court, the Delaware Supreme Court additionally held that, "in the absence of clear and convincing evidence, [Petitioner] is bound by the answers on his guilty plea form and his sworn statements to the judge during the plea colloquy." *Id.* at *2.

It is well-settled that "[s]olemn declarations in open court carry a strong presumption of verity" that creates a "formidable barrier in any subsequent collateral proceedings." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Here, the transcript of Petitioner's plea colloquy contains his clear and explicit statements that he had discussed his case with defense counsel and that he was satisfied with his counsel's representation. (D.I. 14, Exh. B011-B034 in Motion to Affirm, *Donohue v. State*, No.602, 2008) Petitioner also stated that he understood he faced a recommended total sentence of seventy-two years at Level V, with a minimum mandatory sentence of fourteen years, and he understood that the seventy-two year sentence would be suspended after he served twenty-three years. (*Id.* at B024-B025) In turn, the Truth-In-Sentencing Guilty Plea Form signed by Petitioner indicates that he knowingly and voluntarily entered into his plea agreement; he had not been promised anything not contained in the plea agreement; he was not forced or threatened to enter the plea agreement; and he knew he faced a possible maximum sentence of eighty-five years under the criminal penalty statutes, with a minimum mandatory sentence of fourteen years. (*Id.* at B009)

Petitioner's unsupported allegations in this Court fail to provide compelling evidence as to why the statements he made during the plea colloquy should not be presumptively accepted as true. Therefore, based on the record, the Court concludes that the Delaware state courts

9

reasonably applied *Blackledge* in holding that Petitioner was bound by the representations he made during the plea colloquy and on the Truth-In-Sentencing form.

The statements Petitioner made during the plea process also belie his present allegations that counsel performed deficiently by failing to investigate the case and prepare a defense. Petitioner also cannot satisfy the prejudice prong of the *Strickland/Hill* standard, as he cannot demonstrate that he would not have pled guilty but for counsel's alleged actions. As noted by the Superior Court, Petitioner derived a clear benefit by pleading guilty to five charges rather than risking conviction on 153 charges. Thus, looking through the doubly deferential lens applicable to ineffective assistance of counsel claims on federal habeas review, the Court concludes that the Delaware Supreme Court reasonably applied the *Strickland/Hill* standard in denying Petitioner's ineffective assistance of counsel argument. Accordingly, the Court will deny claim one.

### B. Claim Two: Prosecutorial Misconduct

Petitioner's second claim asserts that the prosecutor coerced him into pleading guilty by threatening conviction and life imprisonment if he proceeded to trial. Petitioner presented this claim to the Superior Court in his Rule 61 motion, and then again to the Delaware Supreme Court on post-conviction appeal. However, the Delaware Supreme Court denied the claim as procedurally barred under Delaware Supreme Court Rule 61(i)(3), because Petitioner did not raise the issue on appeal.

By applying the procedural bar of Rule 61(i)(3) to this issue on post-conviction appeal, the Delaware Supreme Court articulated a "plain statement" under *Harris*, 489 U.S. at 263-64, that its decision rested on state law grounds. Rule 61(i)(3) constitutes an independent and adequate state procedural rule for procedural default purposes. *See McCleaf v. Carroll*, 416 F Supp. 2d 283, 296

(D. Del. 2006). Accordingly, the Court is precluded from reviewing the claim on its merits absent a showing of cause and prejudice.

Petitioner has not asserted any cause for his procedural default of claim two. In the absence of cause, the Court will not address the issue of prejudice. Additionally, the miscarriage of justice exception to the procedural default doctrine is inapplicable because Petitioner has not provided new reliable evidence of his actual innocence. Accordingly, the Court will deny claim two as procedurally barred.

### C. Claim Three: Excessive Sentence/Violation of Plea Agreement

In his final claim, Petitioner contends that the imposed sentence is excessive and is not the agreed-upon sentence stated on the guilty plea form. Petitioner also alleges that the guilty plea form must have been altered after he signed it, putting a new sentence on what had previously been disclosed on the form.

Petitioner presented this same claim to the Delaware Supreme Court on post-conviction appeal, and the Delaware Supreme Court denied it as meritless. Therefore, Petitioner is entitled to habeas relief only if the Delaware Supreme Court's decision was either contrary to, or an unreasonable application of, clearly established Federal law.

In denying this claim, the Delaware Supreme Court concluded as a factual matter that "the sentence imposed by the Superior Court was the exact sentence the court discussed with [Petitioner] on the record during the plea colloquy and the exact terms to which [Petitioner] agreed to be sentenced." *Donohue*, 2009 WL 1204623, at *1. The Delaware Supreme Court then held that the Superior Court properly concluded Petitioner's guilty plea was knowing, intelligent, and voluntary, and that Petitioner was competent to enter such a plea.

11

As this Court has already explained in its discussion of Petitioner's ineffective assistance of counsel claim, *Blackledge* provides the standard for evaluating a defendant's statements during a guilty plea. When affirming the Superior Court's denial of Petitioner's excessive sentence claim, the Delaware Supreme Court cited Delaware precedent which, in turn, cited *Blackledge* as the applicable standard. Therefore, the Delaware Supreme Court's decision was not contrary to clearly established Federal law.

The Delaware Supreme Court's decision constituted a reasonable application of *Blackledge*. During the plea colloquy, Petitioner stated he understood the Superior Court's explanation that the recommended total sentence of seventy-two years would be suspended after he served twenty-three years, and this plea colloquy statement directly contradicts Petitioner's present assertion that the guilty plea form was altered after he signed it to include the twenty-three year sentence rather than some other term of years. Significantly, Petitioner has not provided any clear and convincing evidence, in this proceeding or in his state collateral proceeding, to rebut the strong presumption of verity that attached to the statements he made under oath during the plea colloquy. For these reasons, the Court concludes that the Delaware Supreme Court reasonably applied *Blackledge* in denying as meritless Petitioner's contention that the Superior Court imposed a sentence different from the one to which he agreed. In turn, the Delaware Supreme Court's decision that the sentence was neither in contravention of the plea agreement nor excessive constituted a reasonable determination of the facts based on the evidence presented. Accordingly, the Court will deny claim three.

## V. **CERTIFICATE OF APPEALABILITY**

A district court issuing a final order denying a § 2254 petition must also decide whether to

issue a certificate of appealability. *See* 3d Cir. L.A.R. 22.2 (2011). A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); *see also Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Additionally, a federal court denying a habeas petition on procedural grounds without reaching the underlying constitutional claims is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *See id.*

The Court has concluded that Petitioner's habeas claims do not warrant relief. In the Court's view, reasonable jurists would not find this conclusion to be debatable. Accordingly, the Court declines to issue a certificate of appealability.

## VI.     CONCLUSION

For the reasons discussed, Petitioner's Application For A Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254 is **DENIED**. An appropriate Order will be entered.